UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TELADOC HEALTH, INC.,

                                    Movant,

        -against-                                          26-mc-0164 (LAK)

PLAINTIFFS IN IN RE BETTERHELP, INC., DATA
DISCLOSURE CASES,

                                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __5/11/2026__

## MEMORANDUM AND ORDER GRANTING
## MOTION TO MODIFY DEPOSITION SUBPOENA

LEWIS A. KAPLAN, *District Judge*.

        Movant Teladoc Health, Inc. ("Teladoc") seeks to quash or modify a Rule 30(b)(6) deposition subpoena served on it in *In re BetterHelp, Inc. Data Disclosure Cases*,[1] putative class actions against BetterHelp, Inc. pending in the Northern District of California.

### *Background*

        BetterHelp is an online mental health counseling service that connects users with mental health professionals and facilitates online counseling and therapy. Respondents' allegations in the putative class actions center around BetterHelp's compliance (or lack thereof) with various federal and state privacy laws and common law privacy rights. Teladoc is not a party to those actions,

---

[1]     No. 23-cv-1033 (N.D. Cal. Mar. 7, 2023).

although it acquired BetterHelp in January 2015, before the proposed class period and before BetterHelp's alleged conduct there at issue.

As relevant here, respondents served a Rule 30(b)(6) subpoena on Teladoc on March 12, 2026.[2]   The subpoena noticed a deposition for April 13, 2026, at Teladoc's New York headquarters.[3]   It listed six topics for the deposition: (1) Teladoc's business relationship with BetterHelp, (2) BetterHelp's use of third-party analytics tools, (3) government investigations of BetterHelp, (4) BetterHelp's privacy policies, (5) Teladoc's privacy policies, and (6) Teladoc's compliance with the Health Insurance Portability and Accountability Act ("HIPAA").[4]   Each of these topics was broken into several subtopics (and some sub-subtopics), numbering, by Teladoc's count, sixty individual subjects.

This was not the first Rule 30(b)(6) subpoena that respondents served on Teladoc. They first served one almost a year ago, on June 13, 2025.[5]   After discussions with Teladoc's then-counsel regarding the scope and timing of the deposition, respondents narrowed that subpoena.[6]   After further negotiations, respondents narrowed that subpoena even further.[7]

---

[2] Resp'ts' Opp'n, Ex. 4 (Dkt 9-4) at 8.

[3] *Id.* at 7.

[4] *Id.* at 9-16.

[5] Resp'ts' Opp'n, Ex. 1 (Dkt 9-1) at 9.

[6] Resp'ts' Opp'n (Dkt 9) at 7; *see* Resp'ts' Opp'n, Ex. 2 (Dkt 9-2); *see also* Resp'ts' Opp'n, Ex. 5 (Dkt 9-5) (negotiating over the deposition for close to four months).

[7] Resp'ts' Opp'n (Dkt 9) at 8; *see* Resp'ts' Opp'n, Ex. 3 (Dkt 9-3).

3

Specifically, on August 21, 2025, the parties in principle agreed to a deposition concerning (1) "[a]ny user information shared between BetterHelp and Teladoc," (2) "[t]he HIPAA training provided to BetterHelp from Teladoc," and (3) "[t]he control/influence Teladoc had over BetterHelp's use of third-party tracking technologies."[8]  The parties agreed also that the topics would "be limited to, at most, the time period specified in [respondents]' complaint (through March 23) and [would] not include the present."[9]  The parties, however, never agreed on whether the deposition would last two hours (Teladoc's offer) or four hours (respondents' request) and thus never scheduled it.[10]

On March 18, 2026, after serving the subpoena at issue here, respondents' counsel contacted Teladoc's former counsel, who informed respondents' counsel that they no longer represented Teladoc.[11]  On April 6, 2026, Teladoc's current counsel contacted respondents' counsel and requested that the deposition be rescheduled so that he could "get up to speed and . . . coordinate with [Teladoc]."[12]  On April 9, 2026, counsel for both parties "met and conferred" to discuss the scope, duration, and timing of the deposition.[13]  Despite respondents' counsel's self-described "best efforts

---

[8]     Resp'ts' Opp'n, Ex. 6 (Dkt 9-6) at 7-8.

[9]     *Id.*

[10]    *Id.* at 1-5; *see* Resp'ts' Opp'n, Ex. 7 (Dkt 9-7) at 1-2 (postponing deposition until after October 30, 2025, but not noticing a new date).

[11]    Resp'ts' Opp'n, Ex. 8 (Dkt 9-8) at 2.

[12]    Pettit Decl., Ex. 5 (Dkt 4-5) at 6-7.

[13]    Pettit Decl. (Dkt 4) ¶ 8.

4

to compromise,"[14] – which more accurately might be described as respondents' "unwilling[ness] to narrow the scope of the subpoena or limit the duration of the deposition"[15] – the parties were unable to reach an agreed-upon resolution.

Teladoc now moves under Rule 45(d)(3)(A) to quash or, in the alternative, to modify the subpoena.    Teladoc argues that the subpoena is overbroad, unfairly burdensome, and disproportionate to the needs of the case, and that it therefore was served solely to harass Teladoc.

### *Discussion*

A tremendous amount of time, energy, and resources have been devoted simply to scheduling this deposition.  That is unfortunate for all involved – the Court, the lawyers, and, most of all, the clients, who have to foot their lawyers' bills.  It is particularly unfortunate because it has been unnecessary.

The parties long ago agreed on everything except the duration of the deposition, the "bid" and "asked" being two hours and four hours.  Nevertheless, Teladoc now argues that no deposition at all should be held because, in its view, respondents seek irrelevant information that in any event could be obtained from BetterHelp.  In contrast, respondents now argue that a seven-hour deposition on approximately sixty topics must be held because, in their view, the putative class actions have moved into the merits phase, BetterHelp supposedly is seeking insurance coverage from Teladoc, and Teladoc "likely . . . has relevant information about BetterHelp's privacy obligations."[16]

---

[14]    Resp'ts' Opp'n (Dkt 9) at 9.

[15]    Pettit Decl. (Dkt 4) ¶ 8.

[16]    Resp'ts' Opp'n (Dkt 9) at 13.

5

Neither party's position is persuasive. But, more to the point, neither party's position *currently* reflects good-faith efforts to produce material to which respondents are entitled in a way that would avoid undue burdens and expenses on Teladoc and be proportional to the needs of the litigation. Fortunately, both parties *formerly* came to such a resolution. All they now need to do is live up to their agreement.[17]

### *Conclusion*

Teladoc's motion to quash or modify the subpoena (Dkt 1) is granted insofar as the Rule 30(b)(6) deposition of Teladoc shall be limited to (1) whether and to what extent any user information was shared between BetterHelp and Teladoc, (2) whether and to what extent Teladoc provided HIPAA training to BetterHelp, and (3) whether and to what extent Teladoc exercised control or influence over BetterHelp's use of third-party tracking technologies. Each topic shall be limited to, at most, the proposed class period. The deposition shall be limited to three hours. Respondents may elect to take it at Teladoc's headquarters or via videoconference, at a time and date mutually agreeable to both parties. The motion otherwise is denied.

SO ORDERED.

Dated:          May 10, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[17] *See Pinks v. M&T Bank Corp.*, No. 13-cv-1730 (LAK) (RLE), 2016 WL 1216813, at *4 (S.D.N.Y. Mar. 25, 2016) ("To the extent that Parties enter into agreements on the best way to conduct discovery, courts should uphold and honor such agreements."); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-cv-5649 (LAK) (BCM), 2022 WL 18027565, at *5-6 (S.D.N.Y. Dec. 30, 2022) (describing why courts regularly enforce discovery deals).