UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TELADOC HEALTH, INC.,

                                        Movant,


            -against-                                          26-mc-0164 (LAK)



PLAINTIFFS IN IN RE BETTERHELP, INC., DATA
DISCLOSURE CASES,

                                        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER GRANTING IN PART AND
DENYING IN PART LETTER MOTION TO COMPEL**


LEWIS A. KAPLAN, *District Judge*.

            Respondents seek an order compelling movant Teladoc Health, Inc. ("Teladoc") to

produce an adequately prepared Rule 30(b)(6) witness to sit for a three-hour deposition in which

respondents' counsel is prevented from improperly instructing the witness not to answer certain

questions or otherwise impeding the deposition with standing objections.



                                    *Background*

            On May 10, 2026, this Court ordered Teladoc to produce a Rule 30(b)(6) witness to

sit for a three-hour deposition – to be taken by respondents – to address three topics: (1) whether and

to what extent any user information was shared between BetterHelp, Inc. ("BetterHelp") and

Teladoc, (2) whether and to what extent Teladoc provided HIPAA training to BetterHelp, and (3)

whether and to what extent Teladoc exercised control or influence over BetterHelp's use of third-

2

party tracking technologies.  The Court limited the temporal scope of these topics to the proposed class period – January 1, 2017, through March 7, 2023.

Respondents attempted to take that deposition on June 3, 2026.[1]  But after approximately eighty[2] to ninety[3] minutes on the record, respondents chose to suspend the deposition and seek instruction from the Court.[4]

Respondents claim that the witness – Ms. Deanna McFadden, who serves as Teladoc's Chief Compliance Officer[5] – was unprepared to testify as to events before 2021, and was unfamiliar with training materials Teladoc supposedly used to train BetterHelp employees. Respondents argue also that Teladoc's counsel improperly impeded the deposition with instructions not to answer and speaking objections.

Respondents now seek an order compelling Teladoc to produce a Rule 30(b)(6) witness who is prepared to testify about the three topics over the entire proposed class period, to have that witness sit for a three-hour deposition, and either to assign a magistrate judge or discovery master to oversee the deposition or to provide guidance on objections and instructions not to answer.

---

[1] Mot. (Dkt 16) at 1.

[2] *Id.* at 2.

[3] Opp'n (Dkt 17) at 3.

[4] Mot., Ex. 1 (Dkt 16-1) at 73:15-25.

[5] *Id.* at 9:21-22.

Teladoc counters that Ms. McFadden answered questions and provided substantive testimony regarding each of the three topics, and that it was proper for its counsel to instruct Ms. McFadden to not answer questions that were outside the scope of the three topics.[6]

### *Discussion*

Yet again, "[n]either party's position is persuasive," nor do they "reflect[] good-faith efforts" to conduct discovery "in a way that would avoid undue burdens and expenses on Teladoc and be proportional to the needs of the litigation."[7]

Respondents' counsel spent much of the deposition asking Ms. McFadden about Teladoc's and BetterHelp's corporate structure (and quibbling with Teladoc's counsel about whether she in fact was doing so).[8] That clearly was not one of the topics that the parties previously agreed upon and that the Court therefore ordered would be a topic of the deposition. Respondents' counsel spent much of the rest of the deposition showing Ms. McFadden documents with which she was not familiar and Teladoc's filings with the U.S. Securities and Exchange Commission, reading her portions of those documents, and then asking questions that Ms. McFadden could not answer in any meaningful sense.[9] That clearly was neither a productive nor efficient use of time. Perhaps some of those lines of questioning pertained to the agreed-upon and ordered topics, but the Court struggles

---

[6] Teladoc argues also that respondents' motion failed to comply with applicable rules of federal civil procedure, local rules, and this Court's individual rules. True as that argument may be, the Court sets it aside and treats the motion as a letter motion.

[7] Mem. & Order (Dkt 15) at 5.

[8] Mot., Ex. 1 (Dkt 16-1) at 11:13-13:1, 18:17-23:21, 37:7-12, 38:5-41:6, 57:22-58:7, 65:7-66:2.

[9] *Id.* at 24:2-47:13, 59:8-64:9, 67:5-23, 69:24-73:14.

4

to see how.  This is all to say that at least a significant portion of the waste of time that was Ms. McFadden's deposition is attributable to respondents.

This is not to say, however, that Teladoc is blameless.  Far from it.  A Rule 30(b)(6) witness "must testify about information known or reasonably available to the organization."[10]  Yet, Ms. McFadden did not review *any* documents in preparation for her deposition.[11]  And she apparently did not know *anything* about the training Teladoc may have provided to BetterHelp before 2021.[12]  Teladoc in good faith cannot agree to a Rule 30(b)(6) deposition only to provide a witness whom it has not prepared adequately to serve as the Rule 30(b)(6) witness.  Furthermore, though objections "must be noted on the record," they should "be stated concisely in a nonargumentative and nonsuggestive manner."[13]  The "examination still proceeds" notwithstanding an objection absent the need "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[14]  The objections by Teladoc's counsel often were lengthy, argumentative, and suggestive.[15]  "[I]t is not counsel's place to interrupt if a question is perceived to be potentially unclear to the witness.  Rather, the witness should make the

---

[10] Fed. R. Civ. P. 30(b)(6).

[11] Mot., Ex. 1 (Dkt 16-1) at 17:20-22.

[12] *See id.* at 25:8-26:2, 48:13-49:20.

[13] Fed. R. Civ. P. 30(c)(2).

[14] *Id.*

[15] *E.g.*, Mot., Ex. 1 (Dkt 16-1) at 40:2-9 (characterizing prior testimony and saying what witness would be "happy to talk about"), 64:2-8 (similar), 45:8-47:13 (squabbling unnecessarily with respondents' counsel), 50:15-22 (clarifying question "to make sure [counsel] are on the same page"), 63:14-16 (objecting because counsel didn't "understand the question").

5

determination as to whether a question is clear and answer to the best of his or her ability."[16] Additionally, the objections by Teladoc's counsel often instructed Ms. McFadden not to answer questions that were (or, at least, arguably could be considered to be) within the scope of the agreed-upon and ordered deposition topics.[17]  Doing so was "inappropriate."[18]  The appropriate course to combat irrelevant or repetitious questioning at a deposition is to enter an objection yet allow the witness to answer.[19]

### *Conclusion*

Respondents' letter motion to compel (Dkt 16) is granted insofar as Teladoc shall designate and *adequately prepare* a Rule 30(b)(6) witness to sit for another *two-hour* deposition on the previously agreed-upon and ordered topics.  Each topic shall be limited to, *but include*, the proposed class period.  If objecting, Teladoc's counsel simply shall state, "Objection."  When objecting, absent an instruction to the witness not to answer – which shall be limited to preserving

---

[16] *Phillips v. Mfrs. Hanover Tr. Co.*, No. 92-cv-8527, 1994 WL 116078, at *4 (S.D.N.Y. Mar. 29, 1994).

[17] *E.g.*, Mot., Ex. 1 (Dkt 16-1) at 21:2-5 (instructing witness not to answer question before it even was asked), 31:18-32:14 (same), 22:20-23:2 (instructing witness not to answer general question about relationship between BetterHelp and Teladoc), 26:10-14 (instructing witness not to answer question about Teladoc training document with which witness lacked familiarity), 35:17-21 (same), 60:22-61:1 (same), 30:1-6 (instructing witness not to answer question about whether HIPAA training was included in broader privacy and security training provided by Teladoc), 33:5-6 (instructing witness not to answer question about whether particular document was used to train BetterHelp), 67:17-20 (instructing witness not to answer question about whether Teladoc helps BetterHelp to market), 68:17-19 (same), 70:25-71:2 (same), 73:12-13 (same).

[18] *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y. 1994).

[19] *Mirlis v. Greer*, 249 F. Supp. 3d 611, 614 (D. Conn. 2017).

6

a privilege, questions unambiguously outside the scope of the agreed-upon and ordered topics, or making a Rule 30(d)(3) motion – Teladoc's counsel shall not speak any additional words unless a clarification is requested. Respondents may elect to take the deposition at Teladoc's headquarters or via videoconference, at a time and date mutually agreeable to both parties. The motion otherwise is denied.

SO ORDERED.

Dated:      June 18, 2026

Lewis A. Kaplan
United States District Judge